United States District Court
Southern District of Texas
**ENTERED**
June 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VERNON GALLIER, JR.,** § <br> **CARON GALLIER,** § <br> **DEBORAH HARRISON, and** § <br> **KATHY TEMPLE,** § <br> Individually and as trustees of their § <br> Individual Retirement Accounts § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **WOODBURY FINANCIAL SERVICES, INC.,** § <br> § <br> Defendant. § | **CIVIL ACTION NO.** <br><br> **4:14-cv-888** |

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

You have heard all of the evidence. I will now instruct you on the law that you must apply. First, I will give you general instructions that apply in many cases, including this one. Second, I will give you more specific instructions that apply to this case in particular. Finally, I will give you instructions about deliberating to a verdict.

**I.    General Instructions**

Consider these instructions as a whole and in context. Do not consider any instruction to be more important than others, and do not take any instruction out of context.

Your duty as jurors is to follow the law that I give you in these instructions. You, the jurors, are the sole finders of fact. But in finding those facts, you must apply the law as I give it to you in these instructions, regardless of any opinion you may have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, or that I have an opinion about the facts of this case, you must disregard that impression.

All parties must be treated as equals before the law in a court of justice. Your duty is to make fair and impartial decisions based only on the evidence and law presented to you here. A corporation and all other persons are equals before the law and must be treated as equals in a court of justice. Our system does not permit jurors to be influenced by bias, prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as it is given to you, and reach a just verdict, regardless of the consequences.

The verdict form, which I will explain in detail later, tells you to answer questions about the factual disputes in the case. Base your answers on the facts as you find them. Do not first decide who you think should win and then answer questions accordingly.

The evidence for you to consider consists of the witnesses' testimony and the exhibits that I have admitted into evidence. You may also consider fair inferences you choose to draw from the facts you find to be proven. Lawyer statements and arguments are not evidence and are not instructions on the law. Although what the lawyers say is not evidence, you may consider their statements and arguments in light of the evidence and determine whether it supports the arguments.

During the trial testimony, I sustained some objections to questions or answers. You must disregard those questions or answers to which I sustained an objection.

Certain charts and diagrams were shown to you but not admitted into evidence. They were shown to you to help explain or summarize the contents of other documents that are in evidence. These charts and diagrams are not evidence or proof of any fact. Consider only the

testimony and exhibits admitted into evidence in determining the facts. If your recollection of the evidence differs from a chart or diagram, rely on your recollection of the evidence.

Juror notes taken during a trial are not evidence. They are only aids to a juror's memory of the evidence. If you took notes and your memory of the evidence differs from your notes, rely on your memory and not the notes. If you did not take notes, rely on your own independent memory of the evidence and do not be unduly influenced by any other juror's notes.

Unless otherwise indicated, your fact findings and your answers to the questions you are asked to answer must be based on a preponderance of the evidence. This means the greater weight and degree of credible evidence before you. To establish a fact by a preponderance of the evidence means to prove that fact is more likely true than not true. In determining whether a fact has been proven by a preponderance of the evidence, you may consider all of the evidence, regardless of which party brought it to you.

Facts may be proven by direct evidence, such as testimony of an eyewitness. Facts can also be proven by indirect or circumstantial evidence, which is evidence that proves a fact from which you can logically conclude another fact exists. Consider both direct and circumstantial evidence in finding the facts and arriving at your answers from all the evidence.

Witness credibility or truthfulness is for you to decide. In determining credibility, you may consider a wide range of matters, including each witness's demeanor, the consistency or inconsistency of the witness's answers to questions, and the witness's feelings, prejudices, or biases. In determining the weight to give to a witness's testimony, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial. A simple mistake by a witness

does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Do not decide this case by merely counting the number of witnesses who have testified about a fact. The testimony of a single witness can prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the evidence, you believe that witness.

When specialized knowledge is helpful to an understanding of the evidence or determination of a fact, a witness with special training or experience is permitted to testify about the subject and may state an opinion. You are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it. In this trial, you heard from one such witness: Mr. Vincent Micciche.

Certain testimony has been presented to you through deposition testimony—the sworn, recorded answers to questions that a witness was asked in advance of the trial with a court reporter and attorneys representing the parties present. Consider this deposition testimony in the same way that you consider testimony presented from a witness on the witness stand in court.

## II.       Specific Instructions

The Plaintiffs in this case are Mr. Vernon Gallier Jr., Ms. Caron Gallier, Ms. Deborah Harrison, and Ms. Kathy Temple. I will refer to them as the "Plaintiffs." The defendant in this case is Woodbury Financial Services, Inc., which I will refer to as Woodbury.

The lawsuit arises from the Plaintiffs' purchases of the following Annuities from Hartford Life and Annuity Insurance Company between 2003 and 2007:

| Owner | Annuity Contract No. | Purchase Date |
|---|---|---|
| Deborah Harrison | 711524382 | 12/11/2003 |
| Kathy Temple | 712206019 | 07/19/2005 |
| | 712206020 | 07/19/2005 |
| Vernon Gallier, Jr. | 711646453 | 06/03/2004 |
| Caron Gallier | 712470885 | 03/14/2007 |
| | 712470886 | 03/14/2007 |

The Plaintiffs purchased the Annuities at the direction of Mr. David Mierendorf, who at that time was a financial advisor registered with Woodbury.

The Plaintiffs allege that Mr. Mierendorf misrepresented material facts about the Annuities, both at the time of sale and in ongoing communications and recommendations. More specifically, the Plaintiffs allege that Mr. Mierendorf promised that the Annuities were a secure investment that would provide a guaranteed lifetime income stream and keep the principal amount intact so that the Plaintiffs could pass it on to their heirs. The Plaintiffs allege that the Annuities turned out to be a high-risk investment and did not provide a guaranteed income stream for life or keep the principal intact. The Plaintiffs allege that they did not receive what Mr. Mierendorf had promised. In this lawsuit, the Plaintiffs seek to hold Woodbury liable for Mr. Mierendorf's conduct on the basis that Mr. Mierendorf allegedly acted as Woodbury's authorized agent.

Unless you are instructed otherwise, the Plaintiffs must prove their claims by a preponderance of the evidence. That term is defined on page 3 of these instructions.

In response, Woodbury asserts that each Plaintiff was provided with disclosures about the Annuities when they purchased them. Woodbury also asserts that the Plaintiffs received periodic updates on their investments, and that these updates provided them with reasonable notice by 2008 that their Annuities had lost value and were not guaranteed. Woodbury further asserts that the Plaintiffs did not take timely action after receiving this notice by 2008. Finally, Woodbury asserts that the Plaintiffs did not sustain investment losses or other recoverable damages.

When deciding Jury Questions No. 2(a), 3(a), 4, 5, and 6(a), you should consider whether the Plaintiffs knew the contents of the Annuities documents they signed. For each of those questions, you are instructed as follows:

- —The Plaintiffs are presumed to know the contents of the Annuities documents they signed unless they show by a preponderance of the evidence that they reasonably relied on Mr. Mierendorf's alleged misrepresentations.

- —When an agent knows the extent of risk and return his clients want, the clients have the right to assume that the agent will obtain a product consistent with their goals. The Annuities are the product at issue.

- —Clients may rely on the agent's knowledge and expertise to provide the correct product.

Follow these instructions when deciding Jury Questions No. 2(a), 3(a), 4, 5, and 6(a).

### A.   Instructions for Jury Question No. 1

This question asks you to decide whether Woodbury authorized Mr. Mierendorf to explain and describe the Annuities on Woodbury's behalf. There are two types of authorization. The first is actual, and the second is apparent.

Actual authority existed if Woodbury either: (1) intentionally gave Mr. Mierendorf the authority to explain and describe the Annuities on its behalf, or (2) allowed Mr. Mierendorf to believe that he had that authority.

Apparent authority existed if Woodbury either: (1) knowingly permitted Mr. Mierendorf to hold himself out to the Plaintiffs as having the authority to explain and describe the Annuities on Woodbury's behalf, or (2) negligently made it appear that Mr. Mierendorf was authorized to do so, so as to lead a reasonably prudent person to believe that he actually had that authority.

Only the acts of Woodbury, as the party the Plaintiffs seek to hold liable for Mr. Mierendorf's conduct, may be considered in determining whether apparent authority existed.

You are instructed that "negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances. "Ordinary care" means the degree of care that a person of ordinary prudence would use under the same or similar circumstances.

### B.     Instructions for Jury Questions No. 2(a) and 2(b)

Part (a) of Jury Question No. 2 asks you to decide whether Mr. Mierendorf caused any of the Plaintiffs to purchase the Annuities by making any of the following misrepresentations:

1. an untrue, deceptive, or misleading statement about the Annuities; or

2. misrepresenting an Annuity's terms, benefits, or advantages; or

3. a statement about the Annuities that would mislead a reasonably prudent person to reach a false conclusion of a material fact about them; or

4. failing to state a material fact about an Annuity necessary to make other statements not misleading, considering the circumstances under which the statements were made.

You are instructed that to be a "misrepresentation," a statement must be a false statement of fact, a statement of opinion based on a false statement of fact, or an expression of opinion that is false, made by a person who has, or claims to have, special knowledge of the subject matter of the opinion. "Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

If you answer "Yes" to Part (a) by finding that Mr. Mierendorf made one or more of these misrepresentations, you must answer Part (b) of this question. Part (b) asks you to determine whether Mr. Mierendorf acted "knowingly." "Knowingly" means with actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which the claim is based. Knowledge may be inferred from objective manifestations indicating that the person acted with actual awareness.

### C.     Instructions for Jury Questions No. 3(a) and 3(b)

Part (a) of this question asks you to decide whether Mr. Mierendorf committed fraud against the Plaintiffs. Fraud can occur by either affirmative representation or by nondisclosure.

The first kind of fraud—fraud by an affirmative representation—occurred here if all of the following are true:

1. Mr. Mierendorf made one or more material misrepresentations; and

2. he made the misrepresentations knowing that they were false, or he made them recklessly without knowing if they were true but stating them as positive assertions; and

3. he made the misrepresentations intending the Plaintiffs to act on them; and

4. the Plaintiffs suffered financial losses by relying on the misrepresentations.

The term "misrepresentation" has the same meaning as in the instructions for Jury Questions No. 2(a) and 2(b) on page 7.

The second kind of fraud—fraud by nondisclosure—occurred here if all of the following are true:

1. Mr. Mierendorf failed to disclose a material fact within his knowledge; and

2. Mr. Mierendorf knew that the Plaintiffs were ignorant of the fact and did not have an equal opportunity to discover the truth; and

3. Mr. Mierendorf intended to induce the Plaintiffs to take some action by failing to disclose the fact; and

4. the Plaintiffs suffered financial losses as a result of acting without knowing the undisclosed fact.

A failure to disclose is fraudulent if: (1) the person voluntarily discloses partial information but not the whole truth; (2) the person makes a representation but fails to disclose new information that makes the earlier representation misleading or untrue; or (3) the person makes a partial disclosure that conveys a false impression.

For both fraud by affirmative representation or nondisclosure, the Plaintiffs' alleged losses must result from actions they took in actual and justifiable reliance on what was said. You are instructed that a party cannot justifiably rely on misrepresentations he or she knows or should know to be untrue.

If you answer Jury Question No. 3(a) "Yes" by finding that Mr. Mierendorf engaged in one or more of those practices, you will answer Jury Question No. 3(b) as to those practices. This question asks you to determine whether the Plaintiffs have proven that Mr. Mierendorf did so by clear and convincing evidence. "Clear and convincing evidence" is a special standard that applies to Question No. 3(b) only. The "preponderance of the evidence" standard applies to all

the other questions. "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

### D.      Instructions for Jury Question No. 4

This question asks you to decide whether Mr. Mierendorf made one or more negligent misrepresentations on which the Plaintiffs actually and justifiably relied.

Mr. Mierendorf made a negligent misrepresentation if all of the following are shown:

1. Mr. Mierendorf made the representation in the course of his business or in a transaction in which he had a financial interest; and

2. the representation gave false information to guide others in their financial decisions; and

3. Mr. Mierendorf did not exercise reasonable care or competence in getting or communicating the information.

The definitions of "negligence" on page 7; of "misrepresentation" on page 7; and of "justifiable reliance" on page 9 apply.

### E.      Instructions for Jury Question No. 5

This question asks you to decide when the Plaintiffs, in the exercise of reasonable diligence, should have discovered Mr. Mierendorf's alleged misconduct.

In determining when the Plaintiffs should have discovered Mr. Mierendorf's alleged misconduct, you must determine when the Plaintiffs knew or should have known of the alleged misconduct. A plaintiff should have known of the alleged misconduct if he or she possesses facts that would lead a reasonable person in the same or similar circumstances to inquire further.

### F.      Instructions for Jury Questions No. 6(a) and 6(b)

Part (a) of this question asks you to decide whether any of the Plaintiffs were negligent in purchasing the Annuities and whether this proximately caused the purchases. "Negligence" has

the same meaning given on page 7.  Woodbury has the burden of proving by a preponderance of the evidence that the Plaintiffs were negligent in purchasing the Annuities and that their negligence proximately caused the purchases.  Proximate cause means a cause that was a substantial factor in bringing about the purchases, and without which cause they would not have occurred.  There may be more than one proximate cause.

Part (b) of this question asks you to assign percentages of responsibility for those Plaintiffs you have found were negligent in purchasing the Annuities and whose negligence proximately caused the purchases.  Answer Part (b) only for those Plaintiffs you have found to be negligent in answering Part (a).

### G. Instructions for Jury Questions No. 7(a) and 7(b)

These questions ask you about actual damages.  If any of the Plaintiffs has proved his or her claim against Woodbury, you must determine the damages to which that Plaintiff is entitled.  You should not interpret the fact that I am giving instructions about damages as an indication that in any way I believe that any Plaintiff should, or should not, win this case.  It is your task first to decide whether Woodbury is liable to any of the Plaintiffs.  I am instructing you on damages only so that you will have guidance in the event that you decide that Woodbury is liable to any of the Plaintiffs and that that Plaintiff is entitled to recover damages from Woodbury.

Answer each damages question as to each Plaintiff separately.  Do not increase or reduce the amount in one answer because of your answer to any other question about damages.  The purpose of actual damages is to make a Plaintiff whole, that is, to compensate the Plaintiff for the financial losses that he or she suffered.  You may award actual damages only for losses that each Plaintiff proves were proximately caused by the alleged misconduct.

Any damages you award must be fair compensation for each Plaintiff's losses, no more and no less. Actual damages are not allowed as punishment and cannot be imposed or increased to penalize Woodbury. Do not speculate about what any Plaintiff's ultimate recovery may or may not be. Do not award damages for speculative losses, but only for those losses that each Plaintiff has actually suffered or is reasonably likely to suffer in the future.

If you award actual damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiffs to prove the amount of losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences when you find them appropriate from the facts and circumstances in evidence. Do not add any amount for interest on damages, if any.

You should consider the following elements of damage, to the extent you find either or both elements proved by a preponderance of the evidence:

(a) the difference, if any, between the actual value of the Plaintiffs' Annuities at the time of purchase and the value the Plaintiffs' Annuities would have had if they had been as represented;

(b) the difference, if any, between the actual value of the Plaintiffs' Annuities at the time of purchase and the value of the defined benefit plans they sold.

H.    **Instructions for Jury Question No. 8**

Jury Question No. 8 asks you to decide, with respect to the conduct you found in Jury Question No. 2(b), what sum of money in addition to actual damages should be awarded to one or more Plaintiffs because Mr. Mierendorf acted knowingly. In answering this question, consider only the conduct that you have found was a producing cause of damages to the Plaintiffs. "Producing cause" means a cause that was a substantial factor in bringing about the financial losses, if any, and without which the losses would not have occurred. There may be more than one producing cause. Factors to consider in awarding additional damages include the following:

(1) the nature of the wrong.

(2) the character of the conduct involved.

(3) the degree of Woodbury's culpability.

(4) the situation and feelings of the parties concerned.

(5) the extent to which the conduct offends a public sense of justice and propriety.

**I.  Instructions for Jury Question No. 9**

Jury Question No. 9 asks you to decide what sum of money should be awarded to one or more Plaintiffs as exemplary damages, if any, for the conduct found in response to Question No. 3(b). "Exemplary damages" means an amount that you may award as a penalty or punishment. The factors to consider in awarding exemplary damages include the following:

(1) the nature of the wrong.

(2) the character of the conduct involved.

(3) the degree of Woodbury's culpability.

(4) the situation and feelings of the parties concerned.

(5) the extent to which the conduct offends a public sense of justice and propriety.

You should not interpret the fact that I am giving instructions or asking you to answer questions about exemplary damages as an indication in any way that I believe that Plaintiffs are entitled to them. I am instructing you on exemplary damages only so that you will have guidance in the event that you decide that one or more of the Plaintiffs proved by clear and convincing evidence that Mr. Mierendorf committed fraud.

## III. Instruction on Deliberations and Verdict

When you go to the jury room to deliberate, you should first select a foreperson to preside over your deliberations and speak for you here in the courtroom. Your verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous as to each question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Remember that, at all times, you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A verdict form has been prepared for your convenience. The form has space for your answers to the specific jury questions. You will take the verdict form to the jury room, and when

you have reached an agreement as to your unanimous verdict, you will have your foreperson fill it in and date and sign it, and then return to the courtroom.

If during your deliberations you want to communicate with me, please put your message or question in a written note signed by the foreperson and pass the note to the marshal who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that in any message or question you might send, you should never state or specify your numerical division at that time.

SIGNED on June 13, 2015 at Houston, Texas.

*Lee H. Rosenthal*

_____
Lee H. Rosenthal
United States District Judge