Case 4:14-cv-00888   Document 145   Filed in TXSD on 10/05/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 05, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERNON GALLIER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-888 |
| | § | |
| WOODBURY FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The defendant, Woodbury Financial Services, Inc., prevailed on a Rule 50(b) motion for judgment as a matter of law; the court entered a take-nothing judgment and taxed costs to the plaintiffs. (Docket Entry No. 139). Woodbury submitted a bill of costs for $20,624.57, (Docket Entry No. 141), and the plaintiffs entered objections, (Docket Entry No. 143). The court sustains some of the objections and overrules the others. For the reasons explained below, the court orders that the plaintiffs pay $20,129.62 in costs, $494.95 less than Woodbury's submitted bill claimed.

The plaintiffs, Vernon Gallier and others, object to two categories of costs. First, they object to Woodbury's claim for transcript costs, on the ground that Woodbury requested expedited transcripts, to be ready within seven days, not the usual thirty days. Second, they object to Woodbury's claim for the costs of editing a video deposition.

The plaintiffs do not object to the transcript orders themselves. They concede that they can be taxed the costs of a non-expedited transcript. They object only to the marginal cost of expediting. The plaintiffs are correct that the added costs of expediting a transcript are not taxable without prior

1

approval of the court unless the character of the litigation or some other special circumstance necessitates expedition. *Thanedar v. Time Warner, Inc.*, 352 Fed. App'x 891, 903 (5th Cir. 2009). The court has "great latitude" in deciding whether a particular cost is necessary to the litigation. *Id.* at 902-03.

The plaintiffs object to four specific expedited transcript orders. The first is the expedited transcript of the April 4, 2016 docket call hearing. The court ruled on the record from the bench on the parties' respective motions in limine and on the trial schedule. Trial was set for June 6, 2016, with a backup date of July 18. The court finds that an expedited transcript of this hearing was not necessary. An ordinary transcript order would have been ready by early May, a full month before the earliest date on which the trial could have started. The marginal cost of expediting the transcript, $61.20, should be deducted from the bill of costs.

The plaintiffs object to two expedited trial-transcript orders. The court finds that expediting these transcripts was necessary given the 28-day deadline for filing a Rule 50(b) renewed motion for judgment as a matter of law. *See* FED. R. CIV. P. 50(b). Since non-expedited transcripts can take up to 30 days, expediting the trial transcript order was necessary to allow the parties to use the transcripts in their postverdict motions. These objections are overruled.

The fourth item objected to was the expedited transcript for the August 2, 2016, hearing on the Rule 50(b) motion for judgment as a matter of law. At that hearing, the court heard oral argument on the motion and ordered supplemental briefing filed within two weeks, on a specific set of issues. The court finds that this expedited transcript order was necessary given the short timeframe and specific nature of the briefing request. This objection is overruled.

The second category of expenses is video-editing costs. Woodbury included a $433.75

expense for "Litigation Support - Ginsberg Deposition Editing and Video Production for Trial" on its cost sheet.  (Docket Entry No. 141-1 at 2).  The plaintiffs concede that the cost of filming the underlying deposition is properly taxable.  However, they argue correctly that there is no statutory basis for awarding the costs of editing the resulting video.  *See Vital v. Varco*, No. CV H-12-1357, 2015 WL 7740417, at *3 (S.D. Tex. Nov. 30, 2015); *Oldham v. Thompson/Ctr. Arms Co.*, No. 4:12-CV-2432, 2014 WL 1794861, at *5 (S.D. Tex. May 5, 2014).  The court therefore finds that this item is not properly taxable and reduces the cost award by $433.75.

The court finds that Woodbury's bill of costs must be reduced by $494.95, leaving $20,129.62 in taxable costs.  The plaintiffs must pay this amount.

SIGNED on October 5, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge